

FILED

**NOT FOR PUBLICATION**

JUN 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY SHY, an individual; MANHATTAN LOFT, LLC, a California limited liability company,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a corporation,<br><br>        Defendant - Appellee. | No. 11-56887<br><br>D.C. No. 2:10-cv-01415-DSF-MAN<br><br><br>MEMORANDUM[*] |
| BARRY SHY, an individual; MANHATTAN LOFT, LLC, a California limited liability company,<br><br>        Plaintiffs - Appellees,<br><br>  v.<br><br>THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a corporation,<br><br>        Defendant - Appellant. | No. 11-56964<br><br>D.C. No. 2:10-cv-01415-DSF-MAN |

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted June 3, 2013
Pasadena, California

Before:    TROTT and W. FLETCHER, Circuit Judges, and STEIN, District
Judge.[**]

Manhattan Loft, LLC, a real estate development company, and its manager, Barry Shy, (collectively "Manhattan") bring this action against their insurance company demanding indemnification for an arbitration award. The arbitration award was based on a dispute between Manhattan and the Meieran Trust (the "Trust"), another development company. The arbitrator found that Manhattan owed the Trust approximately $14 million in property damage, lost profits, lost business value, attorney's fees and costs. Manhattan has two insurance policies: one for the initial $2 million in liability, and one that provided following-form excess liability for another $10 million for anything above $2 million. The primary insurer, Gemini, paid the full policy limit. The excess insurer, the Insurance Company of the State of Pennsylvania ("ISOP"), refused to pay. Manhattan sued ISOP in state court for breach of contract, bad faith, and punitive

---

[**]    The Honorable Sidney H. Stein, District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

damages. ISOP removed. The district court granted summary judgment to ISOP. Manhattan appealed, and ISOP cross-appealed the district court's rejection of arguments that could have provided alternative bases for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because we affirm summary judgment in ISOP's favor, we do not reach ISOP's alternative arguments on cross-appeal.

Manhattan makes several arguments: (1) that ISOP is bound by Gemini's decision to provide coverage under the policy; (2) that the district court erred in looking to the arbitration award in determining whether the award was covered by the policy; (3) that the district court erred in concluding that the lost business value and profits did not result from an accident; and (4) that the district court erred by failing to consider multiple causes for the lost business value and profits award. Manhattan also argues that the district court erred in finding the policy did not cover damage due to rust and mold, amounting to $535,900 of the property damage award. We consider each in turn.

First, ISOP is not bound by Gemini's determination that there was coverage. ISOP's insurance policy is a following-form policy, which means that it incorporates the terms of the underlying policy. *Qualcomm, Inc. v. Certain Underwriters At Lloyd's, London,* 73 Cal. Rptr. 3d 770, 773 n.2 (Ct. App. 2008)

3

(quoting *Wells Fargo Bank v. California Ins. Guarantee Assn.*, 45 Cal. Rptr. 537, 539 (Ct. App. 1995)). Nothing in the policy says that ISOP is bound by Gemini's coverage decision. We conclude that ISOP is bound by the terms of Gemini's policy but not Gemini's coverage decision.

Second, the District Court did not violate *Vandenberg v. Superior Court*, 982 P.2d 229 (Cal. 1999), by relying on the arbitration award. In *Vandenberg*, the California Supreme Court held that nonmutual collateral estoppel did not apply to arbitration awards. *Id.* at 234. But the district court did not apply collateral estoppel. Rather, it relied on the arbitration award to determine whether it was based on actions or events that are covered by the insurance policy, as it is required to do under California law. *See Collin v. Am. Empire Ins. Co.*, 26 Cal. Rptr. 2d 391, 399 (Ct. App. 1994); *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 896 (9th Cir. 1996).

Third, Manhattan's interference with the smoke evacuation system is not a covered occurrence under the policy. The policy covers "'property damage' [that] is caused by an 'occurrence.'" The policy defines an occurrence as an accident. Under California law, an accident refers to an insured's conduct, not to the consequences of such conduct. *Fire Ins. Exch. v. Superior Court*, 104 Cal. Rptr. 3d 534, 537 (Ct. App. 2010). California courts have rejected expressly any

4

argument that *Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 211 P.3d 1083 (Cal. 2009), is to the contrary. *See State Farm Gen. Ins. Co. v. Frake*, 128 Cal. Rptr. 3d 301, 309-12 (Ct. App. 2011), *review denied* (Sept. 28, 2011) ("*Delgado* contains no language indicating that the California Supreme Court intended to overrule prior case law holding that 'the term 'accident' does not apply to an act's consequences, but instead applies to the act itself.'"). If conduct is intentional and volitional, unforeseen consequences are not accidents. *See Delgado*, 211 P.3d at 317 (holding there was no accident where insured intentionally hit another person even under mistaken belief in need for self-defense); *Fire Ins. Exch.*, 104 Cal. Rptr. 3d at 540-41 (holding there was no accident where insured built structure encroaching on neighbor's land even though insured thought the building was on his own land). Here, Manhattan intentionally poured the slab to fill in the second-floor mezzanine. The fact that Manhattan claimed not to know that the slab would block the Trust's planned smoke evacuation system does not make this conduct accidental.

Fourth, the district court did not err in failing to consider multiple causes for the lost profits and lost business value award. In California, an insurer in a third-party liability suit such as this one must indemnify where any independent cause of the damage is covered. *City of Carlsbad v. Ins. Co. of State of Pa.*, 102 Cal. Rptr.

5

3d 535, 540 (Ct. App. 2009); *see also State Farm Mut. Auto. Ins. Co. v. Partridge*, 514 P.2d 123, 131-32 (Cal. 1973). The arbitrator awarded lost profits and business value damages because the slab that Manhattan poured prevented smoke evacuation, making it impossible legally to operate a bar in the basement. Though the arbitrator also awarded damages for property damage due to covered causes, this was not the basis for the lost profits and business value award.

Based on the foregoing, we affirm the district court's conclusion that there was no breach of contract. The arbitrator found for the Trust and awarded $1,394,600 for property damage, $1,428,137 for lost profits, and $10,727,785 for lost business value. The arbitrator also awarded $977,287.88 for attorney's fees and costs. The district court found that the contractual liability exclusion applied to the attorney's fees and costs and therefore it was not covered by the policy. Manhattan did not appeal this conclusion. Therefore the only covered damages are those for the property damage award. Whether or not the rust and mold exclusion applies, ISOP has not breached its contract because the total property damage award was only $1,394,600, including losses due to rust and mold. ISOP is not obligated to pay unless covered damages exceed $2 million.

Because we affirm that there was no breach of contract, we affirm the district court's dismissal of the bad faith claim as derivative, *Century Sur. Co. v.*

6

*Polisso*, 139 Cal. App. 4th 922, 948 (2006), and need not reach the question of punitive damages.

**AFFIRMED**.